IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAE GOVERNMENT SERVICES, INC.,

              Plaintiff,

    v.

TACPROGEAR, LLC,

              Defendant.

Civil No. 1:19-cv-0757-AJT-MSN

## REPORT & RECOMMENDATION

This matter comes before the Court on the motion for default judgement pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 27) filed by plaintiff PAE Government Services, Inc. ("PAE" or "plaintiff"). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in the plaintiff's favor for the reasons that follow.

### I. Procedural Background

On June 11, 2019, plaintiff filed the instant action against defendant Tacprogear, LLC. ("Tacprogear" or "defendant") Compl. (Dkt. No. 1). The complaint alleges that by procuring armor plates and shells from China in violation of the Foreign Assistance Act and representing that these goods were made in the United States, defendant breached its contract with plaintiff and engaged in fraud in the inducement against plaintiff. *Id*. at ¶¶ 84-109. A summons for the complaint was issued on June 11, 2019 (Dkt. No. 3), and the summons was returned executed on June 13, 2019. (Dkt. No. 8). On July 23, 2019, Tacprogear filed an answer to the complaint. (Dkt. No. 11). Judge Trenga entered a scheduling order in the case on June 26, 2019. (Dkt. No. 13). However, on August 22, 2019, Tacprogear made a general assignment for the benefit of creditors, pursuant to Florida

state law.[1] (Dkt. No. 17). Subsequently, plaintiff's counsel contacted defendant's counsel with regard to its outstanding discovery requests. (Dkt. No. 19) 2. Defendant's counsel advised that she planned to withdraw from the case and that Tacprogear intended to proceed without representation. *Id*. On September 20, 2019, Plaintiff then filed a motion to compel. In response defense counsel filed a motion to withdraw as attorney. (Dkt. Nos. 18 and 21). On September 27, 2019, this Court granted both the motion to compel and the motion to withdraw. (Dkt. No. 26). The Court's order instructed the defendant to retain new counsel within ten days or face possible sanctions, including entry of default judgment. *Id*. Tacprogear failed to retain new counsel. Accordingly, on October 10, 2019, plaintiff filed a motion for default judgment (Dkt. No. 27), along with a memorandum in support thereof. (Dkt. No. 28). The undersigned held a hearing on the motion for default judgment on November 14, 2019, at which no representative for defendant appeared. (Dkt. No. 30). On November 21, 2019, plaintiff filed supplemental affidavits in support of its motion for default judgment. (Dkt. Nos. 31-33).

## II. Factual Background

The following facts are established by the complaint, the memorandum in support of the motion for default judgment, and the supporting affidavits.

PAE is a government services contractor and a major supplier of services to the United States Department of State. Compl. (Dkt. No. 1) at ¶ 5. The Department's Africa Peacekeeping Program ("AFRICAP") has an overarching contract called AFRICAP III, under which PAE was awarded a "seat", allowing it to bid on certain task orders. *Id.* at ¶ 6-8. In the summer of 2018, the

---

[1] The plain language of the Florida law governing assignments provides that no "proceeding may be commenced against the assignee except as provided by this chapter." Fla. Stat. § 727.105. However, plaintiff commenced this litigation before defendant filed its petition for Assignment. Moreover, Tacprogear was the assignor, not the assignee, at the time that the complaint in this case was filed. Therefore, the Florida proceedings do not affect the proceedings in the case before this Court.

State Department issued a request for proposals to provide logistics, training, and procurement support for host nations in North and West Africa to be used in peacekeeping and counterterrorism operations. *Id.* at ¶ 9-10. The task order for this bid stated that contractors were required to adhere to the procurement restrictions of the Foreign Assistance Act. *Id*. at ¶ 11. This task order request included a requirement that the awardee provide armor plates and interceptor body armor shells. *Id*. at ¶ 12. After receipt of this task order request, PAE solicited bids to help fulfill the Department of State's task order request, including the request for armor plates and shells. *Id*. at ¶ 16. PAE's request made clear that the task order was subject to the requirements of the Foreign Assistance Act. *Id.* at ¶¶ 18-22. The request also contained an attached list, which specified that the goods procured under the request could not come from China. *Id*. at ¶¶ 23-27.

Tacprogear is a manufacturer and reseller of various tactical products, including interceptor body armor shells and armor plates. *Id*. at ¶ 28. On August 31, 2019, Tacprogear submitted a proposal to PAE to provide plates and shells for the task order request. *Id*. at ¶ 31. Tacprogear represented repeatedly to plaintiff that its materials were made in the United States, including on September 3, 2018, November 26, 2018, and January 18, 2019. *Id.* at ¶¶ 37-38. The State Department awarded its task order to plaintiff, and plaintiff awarded its purchase order in turn to Tacprogear. *Id.* at ¶ 42-43.

However, unbeknownst to PAE, two Tacprogear officials were indicted on August 14, 2018, just two weeks before Tacprogear submitted its proposal to PAE. The indictment alleged that these officials, in filling an order for a different company, conspired to supply substitute body armor plates, even though no substitutions were permitted, and the body armor plates did not meet required specifications. *Id*. at ¶ 48. As part of the two officials' conditions of release on bond, as of September 7, 2018 they were required to disclose the pendency of federal charges to all

Tacprogear clients, including PAE. *Id.* at ¶ 49. They did not do so, and PAE did not learn of these charges until February 2019. *Id*. ¶ 75. Moreover, as late as January 2019, Tacprogear continued to mislead PAE about the origins of its equipment. *Id.* at ¶¶ 51-55.

In February 2019, PAE learned that the plates and shells were made in China. *Id.* at ¶ 61. Upon learning this, PAE immediately informed Tacprogear that it could not accept the plates because they did not comply with the terms of their quote. *Id.* at ¶ 63. On May 13, 2019, PAE rejected both the plates and shells as nonconforming goods. *Id.* at ¶ 72.

Plaintiff alleges that Tacprogear failed to provide conforming goods, and that as a result of this failure, defendant is in breach of its obligations under its contract with PAE. Plaintiff further alleges that due to defendant's misrepresentations about the goods, defendant committed fraud in the inducement.

PAE therefore requests the following relief:[2]

1. Damages of $1,511,900.00, for recovery of the sum plaintiff paid to Tacprogear for the goods.

2. Further damages of $188,360.00,[3] for the recoupment of the additional amount plaintiff had to pay for replacement goods above the amount paid to Tacprogear.

3. Attorney's fees incurred in the amount of $55,049.50.

4. Costs incurred of $618.10.

---

[2] In its complaint, plaintiff asked for unspecified punitive damages. But plaintiff declined to raise this issue in its motion for default judgment or any of the supplemental affidavits submitted.

[3] Plaintiff cites a lower figure of $180,260.00 in its supplemental affidavit of November 21, 2019. (Dkt. No. 32). However, this figure appears to be based on an erroneous assumption, that PAE paid Tacprogear $1,520,000.00 for the armor plates, whereas it actually paid $1,511,900.00. (Dkt. No. 32-1) 1.

### III. Jurisdiction and Venue

Subject matter jurisdiction is appropriate in this Court because PAE and Tacprogear are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This court has personal jurisdiction pursuant to Virginia's long-arm statue, and because Tacprogear has been properly served.

The Virginia long-arm statute grants personal jurisdiction "as to a cause of action arising from…. [t]ransacting any business in this Commonwealth [or] [c]ontracting to supply services or things in this Commonwealth." Va. Code Ann. §§ 8.01-328.1(A)(1)-(2).  Tacprogear regularly transacts business and engages in other persistent courses of conduct in this district, including negotiating, executing, and administering various agreements with PAE through PAE's Arlington, Virginia offices. (Dkt. No. 1) 1-2.

In keeping with the requirements of Fed. R. Civ. P. 4, plaintiff successfully served an officer of the defendant authorized to accept service on June 11, 2019. (Dkt. No. 8).

### IV. Standard of Review

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006).

In order to defend itself in litigation, a corporation must be represented by counsel. See *Reynolds v. Reliable Transmissions*, Inc., 2009 WL 3064774 (E.D. Va. 2009) (*citing Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993)) (noting that a corporation "may only appear by counsel in a federal judicial proceeding" and, furthermore, holding that a refusal to cooperate with counsel regarding discovery obligations subjected the

corporation to entry of default); see also *Fed. Trade Comm'n v. Pro Credit Group, LLC*, 2013 WL 12122429 (M.D. Fla. Dec. 3,2013) (noting that corporations cannot represent themselves pro se and that "[e]ntry of a default judgment is a proper sanction for a defendant corporation's failure to obtain counsel" pursuant to Federal Rule of Civil Procedure 55(a)).

By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right." *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)).

Here, the ten-day deadline for defendant to retain new counsel expired on October 7, 2019 and no new counsel has entered an appearance on defendant's behalf. Furthermore, at the September 27, 2019 hearing on the motion to withdraw as counsel, the undersigned asked Tacprogear's counsel if defendant was aware that it was required to be represented by counsel. Counsel stated that defendant was aware, but that it did not intend to retain new counsel. (*See* Oral Argument at 10:18).

**V. Analysis**

Under Federal Rule of Civil Procedure 36(a)(3), a request is deemed to be admitted unless, "within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or

its attorney." Fed. R. Civ. P. 36(a)(3). Defendant was required to respond to PAE's requests for admission by September 19, 2019, but Tacprogear failed to respond. Therefore, all of PAE's requests for admission are deemed admitted.

Having examined the record, the undersigned finds that the well-pled allegations of fact contained in the complaint—and supported by PAE's requests for admission, the motion for default judgment, supporting exhibits, and affidavits—establish that Tacprogear has breached its contract with the plaintiff and committed fraud in the inducement.

The undersigned finds that Tacprogear has breached its contract with PAE by failing to provide conforming goods, as it provided goods that were manufactured in China, even though it knew that it was not permissible to do so pursuant to the terms of the contract.

Tacprogear was fully aware that it was not permitted to provide PAE with shells and armor plates that had been procured from, or manufactured in, China. (Dkt. No. 28) 6. Nevertheless, all of the shells and armor plates that Tacprogear provided in fulfillment of PAE's order were made at Tacprogear's factory in China. *Id.* PAE had the right to reject the shells and armor plates provided by Tacprogear if these goods were non-conforming, and PAE had the right to cancel the order in that case. *Id.* PAE made two separate payments of $755,950 in November 2018, totaling $1,511,900. *Id.* Therefore, Tacprogear owes PAE $1,511,900 and it has not refunded any of this amount despite PAE's demands that it do so. *Id.* Finally, the undersigned finds that, pursuant to a letter sent by Derek Johns, PAE's Director of Procurement, to Tacprogear on May 13, 2019, PAE rejected the shells and armor plates, canceled the contract, and demanded reimbursement for the sums paid. *Id.* In sum, Tacprogear breached the contract with PAE by failing to provide conforming goods, PAE had the right to reject the goods and

cancel the contract, both of which it did. Additionally, Tacprogear has admitted PAE paid it $1,511,900, none of which has been refunded to PAE.

The undersigned also finds that under the Terms and Conditions that Tacprogear agreed to when it entered into business with plaintiff, PAE is entitled to its attorneys' fees and costs in this matter. (Dkt. No. 31) 4. Plaintiff submitted extensive documentation of its fees in this case. (Dkt. No. 31-1) 1. The hourly rates charged by the attorneys who worked on the case appear to be consistent with or below the applicable billing rates deemed reasonable under the *Vienna Metro* matrix. *Vienna Metro LLC v. Pulte Home Corp.*, 786 F.Supp.2d 1090 (E.D. Va. 2011).[4]

The undersigned further finds that Tacprogear has committed fraud in the inducement as a result of its misrepresentations and omissions. Tacprogear knew, pursuant to the bid solicitation issued by PAE, that it was not permitted to provide PAE with shells and plates that had been procured from, or manufactured in, China. (Dkt. No. 28) 6. Moreover, failing to respond to PAE's requests for admission, Tacprogear has conceded request number 24, that it "always intended to provide goods that were manufactured in China" to fulfill PAE's order. (Dkt. No. 28) 18. Furthermore, in its response to PAE's request for quotes, Tacprogear represented that it would be providing goods manufactured in the United States and provided further assurances via email. *Id.* Tacprogear officers were indicted on August 14, 2018. As a condition of their release, the court required the officers to "[n]otify current and/or future clients of the charged offense as directed by pretrial." *Id.* However, PAE was not informed of the indictments until February 26, 2019. *Id.* In sum, Tacprogear knew PAE relied on its representations that Tacprogear was providing conforming goods. Defendant failed to comply with a court order imposing a duty to inform

---

[4] The attorneys' fees in this matter are somewhat higher than is typical in other default judgment cases because the defendant initially retained counsel. As a result, plaintiff devoted resources to pursuing discovery and engaging in motions practice when defendant failed to respond.

customers, including PAE, of the indictments. Tacprogear's misrepresentations and omissions were made to induce PAE to enter into the purchase order, which it would not have done, but for Tacprogear's misrepresentations and omissions.

Overall, Tacprogear has admitted all of the elements of PAE's claims and, therefore, PAE is entitled to compensatory damages, recoupment costs, and attorney's fees.

As a result of the payments PAE made to Tacprogear, Tacprogear must refund the $1,511,900.00 it owes to PAE. Due to Tacprogear's breach of the contract at issue in this matter, in order to fulfill its duties under its contract with the United States Department of State, PAE has had to obtain replacement goods for the armor plates, which cost $1,700,260.00. *Id.* Therefore, Tacprogear also owes recoupment costs of $188,360.00, the difference between the original purchase order price and the cost of the replacement plates. *Id.* Plaintiff also incurred legal fees and costs. In total, attorney's fees and costs amount to $55,667.60.

## VI. Recommendation

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of PAE against Tacprogear in the amount of **$1,700,260.00** for PAE's compensatory damages and recoupment costs, and **$55,667.60** for attorney's fees and costs.

## VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and

Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/

Michael S. Nachmanoff
United States Magistrate Judge

December 5, 2019
Alexandria, Virginia